PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD C. GALKA, | ) | |
| | ) | CASE NO. 4:20CV1398 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WARDEN MARK WILLIAMS, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendant. | ) | **AND ORDER** |

Incarcerated *pro se* Plaintiff Edward C. Galka filed this action against Elkton Federal

Correctional Institution ("FCI Elkton") Warden Mark Williams alleging Williams did not assist

him with obtaining damages from the Bureau of Prisons ("BOP") to compensate for personal

property destroyed or lost by personnel at FCI McKean.  He asserts claims against the FCI Elkton

Warden for breach of fiduciary duty for not providing assistance to collect damages from the

BOP, breach of contract for not paying damages, and failure to train employees to assist inmates

with property claims. He seeks monetary damages.

## I.  Background

Plaintiff alleges much of his personal property, valued at over $600, was destroyed by

personnel at FCI McKean in June 2019 when he was sent to the special housing unit for refusing

to stand for the count.[1]  ECF No. 1 at PageID #: 1-2.  Plaintiff's remaining property was packed

---

[1] Plaintiff explains that after these charges were investigated, they were dismissed.  ECF No.
1 at PageID #: 1.

(4:20CV1398)

by FCI McKean officers when he was transferred from FCI McKean to FCI Elkton.  *Id.* at PageID #: 2.  Plaintiff contends he noted the missing property on the personal property receipt. *Id.*.

Plaintiff filed a tort claim  with the BOP upon his arrival at FCI Elkton and received a settlement offer of $161.00 in March 2020.  ECF No. 1 at PageID #: 2.  He signed a form accepting the offer, believing the money would be placed in his prisoner trust account.  *Id*.  He indicates that when the funds did not appear in his account in April, May or June 2020, he requested assistance from his counselor who referred him to his unit manager.  *Id*. at PageID # 1-2.  He forwarded his request for assistance in collecting the settlement to his unit manager and to Warden Williams.  Neither official responded to his request.  *Id*. at PageID #: 2.

Plaintiff asserts the Warden breached a fiduciary duty to oversee his claim and failed to properly train FCI Elkton personnel to respond to requests.  ECF No. 1 at PageID #: 3-4.  He also asserts that the United States breached a contract with him by allowing him to purchase property at the commissary and then confiscating it as contraband and by refusing to pay him the settlement.  *Id*. at PageID #: 4.

## II.  Standard for Dismissal

"District Court[s are] required to interpret [a] *pro se* complaint liberally[.]"  *Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018).  However, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless

2

(4:20CV1398)

legal theory or when the factual contentions are clearly baseless. *Id.* at 327.

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint is insufficient where "it stops short of the line between possibility and plausibility of entitlement to relief." *Twombly.* 550 U.S. at 557. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet the required pleading standard. *Id.* at 555. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Law and Analysis

#### A. Breach of Fiduciary Duty

Plaintiff first brings a claim for breach of fiduciary duty, alleging the FCI Elkton Warden did not help him collect a settlement from the BOP for property lost or discarded at another federal correctional institution. Breach of fiduciary duty is a claim that arises under state tort law. The Westfall Act immunizes federal employees from liability for torts they commit when acting within the scope of their federal employment. 28 U.S.C. § 2679(b)(1). When a federal employee commits a tort while acting within the scope of his employment, any private remedy

3

(4:20CV1398)

for that tort must be sought against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 (the "FTCA") (under § 2672, liability will generally hold "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred").

The United States may not be sued without its consent, and the terms of that consent must be "unequivocally expressed."  *United States v. Mitchell*, 445 U.S. 535, 538 (1980).  By enacting the FTCA, Congress waived the United States' sovereign immunity under very limited circumstances for claims against the federal government arising from torts committed by federal employees who are acting within the scope of their employment.  28 U.S.C. §§ 1346(b)(1), 2679(d)(1); *United States v. Orleans*, 425 U.S. 807 (1976). Congress defined the exact terms and conditions upon which the government may be sued and the terms of the United States' consent define the parameters of federal court jurisdiction to entertain suits brought against the United States.  *Orleans*, 425 U.S. at 814; *Honda v. Clark*, 386 U.S. 484, 501 (1967).  The parameters placed on these tort claims dictate that they shall forever be barred unless presented in writing to the appropriate Federal agency within two years after such claim accrues.  28 U.S.C. § 2401(b).

In *McNeil v. United States*, 508 U.S. 106 (1993), the Supreme Court held that administrative exhaustion is a jurisdictional requirement for a FTCA claim and that the jurisdictional defect that results from filing an FTCA action before exhaustion is complete cannot be cured by a subsequent amendment once exhaustion is complete, but only by the dismissal of the action and refiling.  Similarly, "[t]he FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee.  28 U.S.C. § 2679(a).

(4:20CV1398)

Failure to name the United States as defendant in an FTCA suit results in a fatal lack of

jurisdiction." *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990).

"The existence of subject matter jurisdiction may be raised at any time, by any party, or

even *sua sponte* by the court itself." *East Brooks Books, Inc. v. City of Memphis*, 633 F.3d 459,

464, n. 3 (6th Cir.2011).  Plaintiffs are required to provide "a short and plain statement of the

grounds for the court's jurisdiction[,]" which Plaintiff has not.  Fed. R. Civ. P. 8(a)(1).  Plaintiff

does not indicate that he filed an administrative tort claim for breach of fiduciary duty, nor has he

sued the only proper FTCA Defendant, the United States.  Therefore, this claim cannot proceed.

### B.  Breach of Contract

Plaintiff next asserts a claim for breach of contract.  That breach of contract is a state law

cause of action, subject to the FTCA, meaning that the requirement that the United States, not

Warden Williams, be named as the Defendant defeats this claim.  If Plaintiff wishes to pursue an

FTCA claim against the United States regarding his property seizure and/or allegedly resulting

settlement, he will need to file an Amended Complaint which properly states such a claim against

the United States.

Furthermore, as described in the Complaint, this claim is not even directed at Warden

Williams.  To the extent that Plaintiff is attempting to assert an unconstitutional seizure of his

property, rather than a FTCA claim, Plaintiff indicates that FCI McKean officials allowed him to

purchase property through the commissary and then confiscating it as contraband.  None of those

5

(4:20CV1398)

individuals are parties to this action,[2] and it is well settled that a defendant cannot be held liable for an alleged constitutional violation absent a showing that the defendant was personally involved.  *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir.1992).

Plaintiff also alleges the United States breached a contract with him by failing to pay the settlement, but the United States is not a party to this case, and Warden Williams is not alleged to be responsible for that failure, only for, as discussed below, failing to train his staff to assist Plaintiff in his own advocacy efforts.  Plaintiff does not allege he had a contract with Warden Williams, nor that the Warden was responsible for paying the settlement.  Accordingly, Warden Williams cannot be held liable for breach of contract.

### C.  Failure to Train

Finally, Plaintiff alleges Warden Williams is liable to him for failing to train FCI Elkton officers to answer inquiries and grievances.  Failure to train is not a freestanding cause of action, but rather one of the ways in which a supervisor can be held liable in a civil rights action for the constitutional violations of his or her subordinates.

For Warden Williams to be held liable under a failure to train theory, the actions of his employees (as opposed to the employees of another facility) must have committed a constitutional violation that would give rise to a viable *Bivens*[3] claim.  The Supreme Court has cautioned federal courts to refrain from extending *Bivens* outside of the three specific contexts,

---

[2]  The Court has reviewed PACER and notes that Plaintiff does not appear to have filed any case related to the events described in the Complaint other than the instant action.

[3]  *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

6

(4:20CV1398)

absent special factors not present here: (1) Fourth Amendment search and seizure; (2)  Fifth

Amendment gender-discrimination; and (3) Eighth Amendment cruel and unusual punishment.

*Ziglar v. Abbasi*, 137 S.Ct. 1843 (2017).  Plaintiff alleges he sent a written request for assistance

to his unit manager and he or she did not respond.  That action does not reasonably give rise to a

recognized *Bivens* claim.  Therefore, Warden Williams cannot be held liable for failing to train

his employees to answer.

## IV.  Conclusion

Accordingly, the action is dismissed pursuant to 28 U.S.C. § 1915(e).  The Court

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken

in good faith.


IT IS SO ORDERED.


 November 30, 2020                       */s/ Benita Y. Pearson*
Date                                    Benita Y. Pearson
                                        United States District Judge

7